**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

EDWARD BLUE

Plaintiff

CASE NO. 3:26-cv-00470-JWD-EWD

**JURY TRIAL DEMANDED**

V.

EXPERIAN INFORMATION
SOLUTIONS, INC, EQUIFAX
INFORMATION SERVICES,
LLC, TRANS UNION, LLC,
NATIONAL CREDIT
ADJUSTERS, LLC, MIDLAND
CREDIT MANAGEMENT, INC and
CREDIT CORP SOLUTIONS, INC

Defendants

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, hereby answers the complaint ("Complaint") of Plaintiff Edward Blue ("Plaintiff") as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that its current investigation is ongoing. Accordingly, Experian reserves the right to amend this Answer. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations that relate to the actions of third parties and

1

therefore denies the same. In response to the numbered paragraphs in the Complaint, Experian states as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

**ANSWER:**      In response to Paragraph 1 of the Complaint, Experian admits that the Complaint purports to state claims for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Experian denies that it has violated the Fair Credit Reporting Act and that Plaintiff is entitled to actual, statutory, and punitive damages, costs, and attorneys' fees.

2.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

**ANSWER**:  In response to Paragraph 2 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

**ANSWER:**      In response to Paragraph 3 of the Complaint, Experian states that "violations of the statutes cited in their entirety" is so vague as to the alleged violations and Experian denies that it has violated the statutes cited in their entirety.

4.      All violations by the Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

**ANSWER:**      In response to Paragraph 4 of the Complaint, Experian denies that it has knowingly, willfully, or intentionally violated any of the statutes cited, and denies that it failed to maintain

2

reasonable procedures. As it relates to the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.      Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendants named in this Complaint.

**ANSWER:**  In response to Paragraph 5 of the Complaint, this paragraph requires no denial or admission.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

**ANSWER**:   In response to Paragraph 6 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

7.      Venue in this District is appropriate under 28 U.S.C. §1391(b).

**ANSWER:**   In response to Paragraph 7 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

8.      Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. §1681a(c). Plaintiff is a citizen and resident of Louisiana.

**ANSWER:**   In response to Paragraph 8 of the Complaint, Experian admits that Plaintiff is a "consumer" as defined in 15 U.S.C. §1681a(c).  As for the remaining allegations in Paragraph 8, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

9.      Defendant Equifax Information Services, LLC (hereinafter "Equifax"), is a Foreign

For-Profit Limited Liability Company registered to do business in Louisiana and with a registered agent in Baton Rouge, Louisiana. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 168la(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, Equifax is reporting consumer credit files on over two hundred thousand consumers in the Middle District of Louisiana.

**ANSWER:** In response to Paragraph 9 of the Complaint, as it relates to one of the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.    Defendant TransUnion, LLC (hereinafter "TransUnion"), is a Foreign For-Profit Limited Liability Company registered to do business in Louisiana and with a registered agent in Baton Rouge, Louisiana. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, TransUnion is reporting consumer credit files on over two hundred thousand consumers in the Middle District of Louisiana.

**ANSWER:**  In response to Paragraph 10 of the Complaint, as it relates to one of the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.    Defendant Experian Information Solutions, INC (hereinafter "Experian"), is a Foreign For-Profit Limited Liability Company registered to do business in Louisiana with a registered agent in Baton Rouge, Louisiana. Defendant is a "consumer reporting agency," as

4

defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, Experian is reporting consumer credit files on over two hundred thousand consumers in the Middle District of Louisiana.

**ANSWER:**    In response to Paragraph 11 of the Complaint, Experian admits that it has a facility in the Middle District of Louisiana, and that it is registered to do business in Louisiana. Experian also admits that it is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the FCRA and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 11 of the Complaint.

12.    Defendant National Credit Adjusters, LLC (hereinafter "National Credit Adjusters"), is a Foreign For-Profit company registered to do business in Louisiana with a registered agent in Baton Rouge, Louisiana. Defendant  is a "furnisher" of information, as defined by 15 U.S.C. §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to Credit Reporting Agencies about consumer transactions. Defendant is actively conducting business in Louisiana.

**ANSWER:**   In response to Paragraph 12 of the Complaint, as it relates to one of the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.    Defendant Midland Credit Management, Inc. (hereinafter "Midland Credit Management"), is a Foreign For-Profit company registered to do business in Louisiana with a

registered agent in Baton Rouge, Louisiana. Defendant is a "furnisher" of information, as defined by 15 U.S.C. §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to Credit Reporting Agencies about consumer transactions. Defendant is actively conducting business in Louisiana.

**ANSWER:**  In response to Paragraph 13 of the Complaint, as it relates to one of the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.    Defendant Credit Corp Solutions, INC (hereinafter "Credit Corp Solutions"), is a Foreign For-Profit company registered to do business in Louisiana with a registered agent in Baton Rouge, Louisiana. Defendant is a "furnisher" of information, as defined by 15 U.S.C. §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to Credit Reporting Agencies about consumer transactions. Defendant is actively conducting business in Louisiana.

**ANSWER**:  In response to Paragraph 14 of the Complaint, as it relates to one of the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FACTUAL ALLEGATIONS

15.    Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER**:  In response to Paragraph 15 of the Complaint, Experian hereby incorporates by reference all of the foregoing answers as though they were set forth herein.

16.    Plaintiff is a victim of inaccurate credit reporting.

**ANSWER:** In response to Paragraph 16 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. Specifically, Plaintiff is a victim of identity theft.

**ANSWER:** In response to Paragraph 17 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. Prior to observing the inaccurate credit reporting information on his credit report, Plaintiff received a letter from the Department of Defense informing him that his personal information had been compromised.

**ANSWER:** In response to Paragraph 18 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. On information and belief, the identity theft is a result of the Department of Defense data breach.

**ANSWER:** In response to Paragraph 19 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. As a result of the identity theft, the following accounts were opened without Plaintiff's knowledge, authorization, or consent, and subsequently began appearing on Plaintiff's Experian, Equifax, and Trans Union credit reports:

    a. MIDLAND CREDIT MANAGEMENT    Account #32207XXXX

    b. NATIONAL CREDIT ADJUSTERS    Account #3601XXXXX

7

c.    CREDIT CORP SOLUTION IN          Account #534348XXXXXXXXXX

**ANSWER:** In response to Paragraph 20 of the Complaint, Experian states that this allegation is vague in that it fails to state a relevant time period of when these accounts were active. Further, as the allegations in paragraph 20 of the Complaint relate to the other Defendants, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.    In addition to the fraudulent accounts, various addresses including one in New York and Kansas, appeared on Plaintiffs reports. Plaintiff lives in Louisiana.

**ANSWER:** In response to Paragraph 21 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.    After learning of the identity theft, Plaintiff disputed the fraudulent and inaccurate accounts through dispute packages mailed directly to the CRAs via USPS certified mail.

**ANSWER:** In response to Paragraph 22 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.    Plaintiff's dispute packages contained a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's driver's license, and a utility bill for identity verification.

**ANSWER:** In response to Paragraph 23 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24.    Plaintiff's first Experian dispute package was delivered and signed by an agent or employee of Experian on May 27, 2025.

**ANSWER:**  In response to Paragraph 24 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25.    Plaintiff's first Trans Union dispute package was delivered and signed by an agent or employee of Trans Union on May 27, 2025.

**ANSWER:**  In response to Paragraph 25 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26.    Plaintiff's first Equifax dispute package was delivered and signed by an agent or employee of Equifax on May 31, 2025.

**ANSWER:**  In response to Paragraph 26 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27.    On June 27, 2025, thirty (30) days following Experian's receipt of Plaintiff's dispute package, Plaintiff pulled their Experian credit report and found that the fraudulent Credit Corp Solutions, Midland Credit Management, and National Credit Adjusters accounts were still being reported by Experian. Based on information and belief, Experian did no independent investigation into Plaintiff's dispute and simply parroted the data in the ACDV response from the Data Furnishers.

9

**ANSWER:** In response to Paragraph 27 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28.     On June 27, 2025, thirty (30) days following Trans Union's receipt of Plaintiff's dispute package, Plaintiff pulled their Trans Union credit report and found the fraudulent Credit Corp Solutions, Midland Credit Management, and National Credit Adjusters accounts were still being reported by Trans Union. Based on information and belief, Trans Union did no independent investigation into Plaintiff's dispute and simply parroted the data in the ACDV response from the Data Furnishers.

**ANSWER:** In response to Paragraph 28 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29.     On July 7, 2025, more than thirty (30) days following Equifax's receipt of Plaintiff's dispute package, Plaintiff pulled their Equifax credit report and found that the fraudulent National Credit Adjusters and Credit Corp Solutions accounts were still being reported. Based on information and belief, Equifax did no independent investigation into Plaintiff's dispute and simply parroted the data in the ACDV response from the Data Furnishers.

**ANSWER:** In response to Paragraph 29 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30.     The following accounts were still being reported by the CRAs more than thirty (30) days after each CRA had received and signed for Plaintiff's disputes:

    a.    <u>EXPERIAN</u>

        (i)    CREDIT CORP SOLUTION IN    Account #534348XXXX

        (ii)    MIDLAND CREDIT MANAGEMENT    Account #32207XXXX

        (iii)    NATIONAL CREDIT ADJUSTERS    Account #3601XXXXX

    b.    <u>EQUIFAX</u>

        (i)    NATIONAL CREDIT ADJUSTERS    Account #*4497

        (ii)    CREDIT CORP SOLUTIONS INC    Account #*2078

    c.    <u>TRANS UNION</u>

        (i)    MIDLAND CREDIT MANAGEMENT    Account #32207****

        (ii)    CREDIT CORP SOLUTIONS INC    Account #534348006611**

        (iii)    NCA    Account #3601****

**<u>ANSWER:</u>**  In response to Paragraph 30 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31.     After learning the CRAs continued to report the fraudulent and inaccurate accounts after Plaintiff's first dispute packages, Plaintiff obtained a police report and FTC identity theft report and re-disputed the accounts through dispute packages mailed directly to the CRAs via USPS Certified Mail.

**<u>ANSWER:</u>**  In response to Paragraph 31 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32.     Plaintiff's dispute packages contained a detailed and thorough dispute letter signed by Plaintiff, an FTC report, IC3 Identity Theft Report, a copy of Plaintiff's driver's license, and a utility bill for identity verification.

**ANSWER:** In response to Paragraph 32 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33.     Plaintiff's second Experian dispute package was delivered and signed by an agent or employee of Experian on September 6, 2025.

**ANSWER:** In response to Paragraph 33 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34.     Plaintiff's second Equifax dispute package was delivered and signed by an agent or employee of Equifax on September 7, 2025.

**ANSWER:** In response to Paragraph 34 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35.     On September 12, 2025, more than four (4) days following Experian's receipt of Plaintiff's second dispute package, Plaintiff pulled their credit report and found that Experian was still reporting the fraudulent Credit Corp Solutions, Midland Credit Management, and National Credit Adjusters accounts.

**ANSWER:** In response to Paragraph 35 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36. On April 16, 2026, more than thirty (30) days following Experian's receipt of Plaintiff's second dispute package, Plaintiff obtained a new credit report and found that the fraudulent Midland Credit Management account was still being reported Experian.

**ANSWER:** In response to Paragraph 36 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37. On September 14, 2025, more than four (4) days following Equifax's receipt of Plaintiff's second dispute package, Plaintiff received dispute results from Equifax stating that they would not block the fraudulent accounts and other inaccurate information from reporting on Plaintiff's Equifax credit report.

**ANSWER:** In response to Paragraph 37 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38. On October 15, 2025, more than thirty (30) days following Equifax's receipt of Plaintiff's second dispute package, Plaintiff obtained a new credit report and found that the fraudulent Credit Corp Solutions and National Credit Adjusters were still being reported by Equifax.

**ANSWER:** In response to Paragraph 38 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or

information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39.     On information and belief, Trans Union continued its inaccurate reporting of the fraudulent Midland Credit Management account for more than four (4) business days following its receipt of Plaintiff's second dispute package.

**ANSWER:**  In response to Paragraph 39 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

40.     On October 25, 2025, more than thirty (30) days following Trans Unions receipt of Plaintiff's second dispute package, Plaintiff obtained a new Trans Union credit report and found that the fraudulent Midland Credit Management account was still being reported by Trans Union.

**ANSWER:**  In response to Paragraph 40 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41.     On information and belief, Equifax, Trans Union and Experian are still reporting fraudulent and inaccurate accounts on Plaintiffs credit report, to the great detriment of Plaintiff's credit.

**ANSWER:**  In response to Paragraph 41 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 41 that relate to other Defendants, Experian is without knowledge or

14

information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

42.    As a result of Defendants' conduct, Plaintiff suffered extensive damages, described in detail below.

**ANSWER:**  In response to Paragraph 42 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations as they relate to Experian and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### PLAINTIFF'S DAMAGES

43.    As a result of Defendants' violations of the FCRA, Plaintiff is entitled to actual, statutory, and punitive damages, along with their attorneys' fees and costs in this matter. Defendants' conduct was such that Defendants acted willfully, intentionally, recklessly, and/or negligently in their actions related to Plaintiff.

**ANSWER:**  In response to Paragraph 43 of the Complaint, Experian denies that it violated the FCRA, and denies that Plaintiff is entitled to any actual, statutory, and punitive damages or fees and costs as a result of Experian's conduct. Experian also denies that it acted willfully, intentionally, recklessly, and/or negligently regarding the alleged violations.  As to the allegations in paragraph 43 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein

44.    The conduct of the Defendants was a direct and/or proximate cause, as well as a substantial factor in bringing about injuries, damages, and harm suffered by Plaintiff. Plaintiff continues to suffer as a result of Defendants' conduct. Plaintiff expects their damages to continue to accrue and be ongoing until they are made whole again if that ever occurs.

15

**ANSWER:**     In response to Paragraph 44 of the Complaint, Experian lacks sufficient knowledge as to the "injuries, damages, and harm suffered by Plaintiff[,]" and, on that basis, denies, generally and specifically, each and every allegation contained therein. As to the remaining allegations in paragraph 44 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein

45.     Defendants, due to their conduct, are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory, and punitive damages, as well as such other relief permitted by law. Plaintiff suffered the following types of damages due to the conduct of Defendants:

a.     Emotional damages in the form of mental anguish, humiliation, and embarrassment. Plaintiff has been diagnosed by the VA with PTSD, sleep apnea, and migraines from his service in the military. Due to Defendants' negligence, Plaintiff's pre-existing symptoms have worsened substantially. Additionally, Plaintiff now suffers from severe anxiety and depression directly related to his deteriorated credit situation. Plaintiff's daily life and decision-making have become increasingly difficult to manage. Plaintiff has begun isolating himself from family and friends and withdrawing from normal social interaction. Plaintiff endures persistent and overwhelming feelings of helplessness on a regular basis.

b.     Physical manifestations of mental anguish, humiliation, and embarrassment. Plaintiff's emotional distress has manifested in various physical symptoms. Plaintiffs' anxiety causes sleep loss nearly every night as well as debilitating migraines. Plaintiff now experiences ongoing high blood pressure,

16

hair loss, insomnia, and persistent neck and back pain. Plaintiff has sought medical attention through the VA and has required treatment on at least fifteen (15) separate occasions since this distressing situation began. Plaintiff is currently prescribed medications to address sleep disturbances and migraine symptoms.

c.    Damages to Plaintiff's creditworthiness, credit reputation, and borrowing power. Plaintiff's damaged credit standing has resulted in significant financial and professional harm. Plaintiff has been subjected to higher interest rates and increased auto-insurance premiums due to his impaired credit profile. Plaintiff has also been denied employment opportunities, as he was unable to complete the hiring process because of his credit reputation. In addition, Plaintiff has been denied student loans because of his now poor credit. This has severely impacted Plaintiff's ability to freely live his life and has created an overwhelming financial burden for Plaintiff.

**ANSWER:**    In response to Paragraph 45 of the Complaint, Experian denies that it is liable to compensate Plaintiff for any damages or other forms of relief. As to the damages outlined in Paragraph 45(a)-(c), Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.  As to the allegations in paragraph 45 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

46.    Plaintiff's damages caused by and through the conduct of Defendants are more specifically described as follows:

17

a.     Emotional damages in the form of mental anguish, humiliation, embarrassment, depression, and anxiety.

b.     Physical manifestations of stress and anxiety, including high blood pressure, hair loss, insomnia, neck, and back pain.

c.     Financial     damages,     including     damage     to     Plaintiff's creditworthiness, credit reputation, and borrowing power.

d.     All other damages as described above.

**ANSWER:** In response to Paragraph 46 of the Complaint, as to the damages outlined in Paragraph 46(a)-(d), Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and, on that basis, denies, generally and specifically, each and every allegation contained herein. As to the remaining allegations in Paragraph 46 that relate to Experian, Experian states it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained herein.  As to the allegations in paragraph 46 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein

47.     Plaintiff's damages attributable to Defendants are serious, continuing, and ongoing.

**ANSWER:**     In response to Paragraph 47 of the Complaint, Experian states that "damages attributable to Defendants" is so vague that Experian lacks sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein. As to the allegations in paragraph 47 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to

18

the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

48.     Defendants' actions have led to Plaintiff's great detriment and loss and are caused by the conduct of Defendants described herein.

**ANSWER:**  In response to Paragraph 48 of the Complaint, Experian states that "Plaintiff's great detriment and loss" is so vague that Experian lacks sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein. As to the allegations in paragraph 48 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

## CAUSES OF ACTION

49.     Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**  In response to Paragraph 49 of the Complaint, Experian hereby incorporates by reference the foregoing answers as though reinstated herein.

50.     This suit is based upon the Defendants' violations of the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA). All causes of action were the producing causes of damages which Plaintiff has suffered.

**ANSWER:**  In response to Paragraph 50 of the Complaint, Experian admits that the Complaint purports to state claims for damages under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, but denies that it violated the FCRA and FDCPA and that Plaintiff is entitled to any damages. As to the allegations in paragraph 50 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those

allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT {FCRA)

51.    Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**   In response to Paragraph 51 of the Complaint, Experian hereby incorporates by reference the foregoing answers as though reinstated herein.

52.    The FCRA defines a "Consumer Reporting Agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

**ANSWER:**  In response to Paragraph 52 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1681a(f). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 52 of the Complaint inconsistent therewith.

53.    Defendants Experian, Equifax, and Trans Union are Consumer Reporting Agencies pursuant to the FCRA and will collectively be referred to as "the CRAs," or "the CRA Defendants."

**ANSWER:**    In response to Paragraph 53 of the Complaint, Experian admits that it is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

54.    The FCRA defines a "Person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).

**ANSWER:**  In response to Paragraph 54 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1681a(b). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 54 of the Complaint inconsistent therewith.

55.    The Code of Federal Regulations defines a "Furnisher" as "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 12 CFR § 1022.41(c).

**ANSWER:**  In response to Paragraph 55 of the Complaint, Experian admits that Plaintiff purports to quote 12 CFR § 1022.41(c). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 55 of the Complaint inconsistent therewith.

56.    Defendants Midland Credit Management, National Credit Adjusters and Credit Corp Solution are "Persons" pursuant to the FCRA, and "Furnishers" pursuant to the Code of Federal Regulations (CFR) and will collectively be referred to as "the Data Furnishers" or "the Data Furnisher Defendants."

**ANSWER:**  In response to Paragraph 56 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

57.    The following conduct of the CRAs and the Data Furnishers was a direct and/or proximate cause, as well as a substantial factor in, and/or producing cause bringing about the serious injuries, damage, and harm that Plaintiff has suffered and continues to suffer as of the filing of this Complaint. Plaintiff expects their damage caused by the CRAs and the Data Furnishers to continue to accrue and be ongoing until Plaintiff is made whole again.

**ANSWER:**  In response to Paragraph 57 of the Complaint, Experian states that "the serious injuries, damages, and harm that Plaintiff has suffered and continues to suffer" is so vague that Experian lacks sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein. As for the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein. As to the remaining allegations in paragraph 57, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

58.    The CRAs and the Data Furnishers, as defined above, acted in a manner that was willful, intentional, reckless, and/or negligent in their actions related to Plaintiff. As a result of these Defendants' violations of the FCRA, which are listed below, Plaintiff is entitled to actual, statutory, and punitive damages along with their attorneys' fees and costs in this matter.

**ANSWER:**  In response to Paragraph 58 of the Complaint, Experian denies that it acted willfully, intentionally, recklessly, and/or negligently as alleged by Plaintiff. Experian also denies that it violated the FCRA, and denies that Plaintiff is entitled to actual, statutory, and punitive damages, or any fees and costs. As to the allegations in paragraph 58 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations

and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

59.     Plaintiff's damages attributable to the CRAs are described in detail in paragraphs 43-48 above.

**ANSWER:** In response to Paragraph 59 of the Complaint, Experian incorporates by reference Experian's answers for paragraph 43-48.

60.     Plaintiff's damages attributable to the CRAs are serious, continuing, and ongoing.

**ANSWER:** In response to Paragraph 60 of the Complaint, Experian states that "damages attributable to the CRAs" is so vague that Experian lacks sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein. Experian further expressly denies that any of Plaintiff's purported damages were caused by Experian.  As to the allegations in paragraph 60 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

61.     This suit is brought against the Defendants for violations of the FCRA which are the causes of Plaintiff's damages. In all instances of violating the FCRA, Defendants did so willfully, intentionally, recklessly, and/or negligently. Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys' fees under 15 U.S.C. §1681n and §1681o.

**ANSWER:** In response to Paragraph 61 of the Complaint, Experian denies that it violated the FCRA, and denies that Plaintiff is entitled to any damages or fees. Further, Experian denies that it acted willfully, intentionally, recklessly, and/or negligently as alleged by Plaintiff. As to the allegations in paragraph 61 that relate to other Defendants, Experian is without knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

**COUNT I:**

**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(Experian, Equifax, and Trans Union)**

62.    Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**  In response to Paragraph 62 of the Complaint, Experian incorporates by reference the foregoing paragraphs as if they were reinstated herein.

63.    The FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

**ANSWER:**    In response to Paragraph 63 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1681e(b). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 63 of the Complaint inconsistent therewith.

64.    The CRAs maintained fraudulent and inaccurate information about Plaintiff and prepared credit reports regarding Plaintiff containing fraudulent information.

**ANSWER:**  In response to Paragraph 64 of the Complaint, Experian denies all allegations. As to the allegations in paragraph 64 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

65.    Despite actual and implied knowledge that Plaintiff was the victim of identity theft, the CRAs readily stored, prepared, reported, and/or sold reports containing fraudulent and

24

inaccurate information about Plaintiff, and in doing so, the CRAs suggested that Plaintiff was responsible for accounts and information that was the product of identity theft.

**ANSWER:**  In response to Paragraph 65 of the Complaint, Experian denies all allegations. As to the allegations in paragraph 65 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

66. The CRAs' conduct as to Plaintiff was such that a third party who viewed Plaintiff's credit reports could reasonably infer that the fraudulent and inaccurate information being reported by the CRAs was accurate, to Plaintiff's great detriment.

**ANSWER**:  In response to Paragraph 66 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein. As to the allegations in paragraph 66 that relate to other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein.

67. The CRA Defendants violated 15 U.S.C. § 1681e(b) by failing to establish and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit files and/or reports they maintained and published about Plaintiff.

**ANSWER:**  In response to Paragraph 67 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein. As to the allegations in paragraph 67 that relate to other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein.

68.     Had the CRAs established and/or followed reasonable procedures to assure maximum possible accuracy of their credit files and/or reports concerning Plaintiff, the CRAs would have known that the information being reported about Plaintiff was fraudulent and inaccurate.

**ANSWER:**  In response to Paragraph 68 of the Complaint, Experian denies Plaintiff's suggestion that Experian did not have or follow reasonable procedures to assure accuracy in its credit reporting. As to the remaining allegations in paragraph 68, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

69.     Plaintiff disputed the fraudulent and inaccurate accounts through dispute packages mailed directly to the CRAs via USPS certified mail. In these dispute packages, Plaintiff expressly informed the CRAs that Plaintiff was the victim of identity theft and that the disputed account information did not belong to Plaintiff.

**ANSWER:**   In response to Paragraph 69 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 69 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

70.     Had the CRAs established and/or followed reasonable procedures to assure maximum possible accuracy of their credit files and/or reports concerning Plaintiff, the CRAs would have deleted and/or blocked the reporting of the fraudulent and inaccurate information after being put on notice of the identity theft from Plaintiff's dispute package.

**ANSWER:**     In response to Paragraph 70 of the Complaint, Experian denies Plaintiff's

26

suggestion that Experian did not have or follow reasonable procedures to assure accuracy in its credit reporting. As to the remaining allegations in paragraph 70, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT II:

**15 U.S.C. § 1681i(a)(l)(A)**
**Failure to Conduct a Reasonable Investigation into Plaintiff's Dispute**
**(Defendants Experian, Equifax and Trans Union)**

71.    Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**  In response to Paragraph 71 of the Complaint, Experian incorporates by reference the foregoing paragraph as if they had been reinstated herein.

72.    The FCRA provides:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file  before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

> 15 U.S.C. § 168li(a)(l)(A).

**ANSWER:**    In response to Paragraph 72 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1681i(a)(1)(A). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 72 of the Complaint inconsistent therewith.

73.    Plaintiff disputed the fraudulent and inaccurate accounts through dispute packages mailed directly to the CRAs via USPS certified mail.

27

**ANSWER:** In response to Paragraph 73 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 73 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

74. Plaintiff's first dispute packages contained a detailed and thorough dispute letter, a copy of Plaintiff's utility bill and a copy of Plaintiff's driver's license for identification verification.

**ANSWER:** In response to Paragraph 74 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

75. Plaintiff's second dispute packages contained a detailed and thorough dispute letter, a copy of Plaintiff's police report, a copy of Plaintiff's FTC report, a copy of Plaintiff's utility bill and a copy of Plaintiff's driver's license for identification verification.

**ANSWER:** In response to Paragraph 75 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

76. Plaintiff's dispute packages contained more than enough information for the CRAs to investigate and find that Plaintiff was, in fact, the victim of identity theft, and that the fraudulent and inaccurate accounts had been placed on Plaintiff's credit reports as a result of identity theft.

**ANSWER:** In response to Paragraph 76 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 76 that relate to other Defendants, Experian is without knowledge or

28

information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

77.    After Plaintiff verified that their dispute packages had been delivered to the CRAs by USPS, Plaintiff waited more than thirty (30) days before viewing their credit reports following their dispute.

**ANSWER:**  In response to Paragraph 77 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

78.    After pulling new credit reports, Plaintiff found that the disputed accounts remained on their credit report following the CRAs' processing of Plaintiff's dispute, in violation of 15 U.S.C. § 1681i(a)(l)(A).

**ANSWER:**  In response to Paragraph 78 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

79.    Plaintiff provided the CRAs with ample information proving that the disputed accounts were the product of identity theft. Had the CRAs conducted a reasonable investigation in accordance with the requirements imposed by the FCRA, they would have deleted the item from Plaintiff's credit file before the end of the thirty (30) day period.

**ANSWER**:  In response to Paragraph 79 of the Complaint, Experian denies Plaintiff's suggestion that Experian did not have or follow reasonable procedures to assure accuracy in its credit reporting. As to the remaining allegations in paragraph 79, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT III:

### 15 U.S.C. § 1681i(a)(4)
### Failure to Read and Consider Documents Attached to Plaintiff's Dispute
### (Defendants Experian, Equifax and Trans Union)

80.    Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**    In response to Paragraph 80 of the Complaint, Experian hereby incorporates by reference the foregoing answers as if they were reinstated herein.

81.    The FCRA provides that "[i]n conducting any reinvestigation under [15 U.S.C. § 1681i(a)(l)], with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the [30-day] period described in [15 U.S.C. § 168li(a)(l)(A)] with respect to such disputed information." 15 U.S.C. § 168li(a)(4).

**ANSWER:**    In response to Paragraph 81 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1681i(a)(4). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 81 of the Complaint inconsistent therewith.

82.    Plaintiff disputed the fraudulent and inaccurate accounts through dispute packages mailed directly to the CRAs via USPS certified mail.

**ANSWER:**    In response to Paragraph 82 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 82 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

30

83.      Plaintiff's first dispute packages contained a detailed and thorough dispute letter, a copy of Plaintiff's utility bill and a copy of Plaintiff's driver's license for identification verification.

**ANSWER:**  In response to Paragraph 83 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

84.      Plaintiff's second dispute packages contained a detailed and thorough dispute letter, a copy of Plaintiff's police report, a copy of Plaintiff's FTC report, a copy of Plaintiff's utility bill and a copy of Plaintiff's driver's license for identification verification.

**ANSWER:**  In response to Paragraph 84 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

85.      Plaintiff's dispute packages contained more than enough information for the CRAs to investigate and find that Plaintiff was, in fact, the victim of identity theft, and that the fraudulent and inaccurate accounts had been placed on Plaintiff's credit reports as a result of identity theft.

**ANSWER:**   In response to Paragraph 85 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 85 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

86.      Plaintiff, through their dispute package, provided the CRAs with documents sufficient to prove that Plaintiff was the victim of identity theft, however, the CRAs failed to

review and consider all relevant documents submitted by Plaintiff, in violation of 15 U.S.C. § 168li(a)(4).

**ANSWER:**   In response to Paragraph 86 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 86 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

87.     Had the CRAs acted in accordance with the investigation requirements imposed by the FCRA and reviewed and considered each document contained in Plaintiff's dispute package, it would have been easy for the CRAs to determine that Plaintiff was the victim of identity theft and delete and/or suppress the disputed information accordingly.

**ANSWER:**   In response to Paragraph 87 of the Complaint, Experian denies Plaintiff's suggestion that Experian failed to follow the requirements of the FCRA.  As to the remaining allegations in paragraph 87 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.  As the allegations in paragraph 87 of the Complaint that relate to the other Defendants, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### COUNT IV:

**15 U.S.C. § 1681i(a)(5)(A)**
**Failure to Delete and/or Modify the Disputed Information**
**(Defendants Experian Trans Union and Equifax)**

88.     Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

32

**ANSWER:** In response to Paragraph 88 of the Complaint, Experian incorporates by reference the foregoing answers as if they were reinstated herein.

    89.    The FCRA provides that:

> (5)    Treatment of Inaccurate or Unverifiable Information
>
> (A)    *In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-
>
> (ii)    promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
>
> (iii)    promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

    15 U.S.C. §168li(a)(5)(A).

**ANSWER:** In response to Paragraph 89 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1681i(a)(5)(A). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 89 of the Complaint inconsistent therewith.

    90.    Plaintiff disputed the fraudulent and inaccurate accounts through dispute packages mailed directly to the CRAs via USPS certified mail.

**ANSWER:** In response to Paragraph 90 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 90 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

33

91.    Plaintiff's first dispute packages contained a detailed and thorough dispute letter, a copy of Plaintiff's police report a copy of Plaintiff's utility bill and a copy of Plaintiff's driver's license for identification verification.

**ANSWER:**    In response to Paragraph 91 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

92.    Plaintiff's second dispute packages contained a detailed and thorough dispute letter, a copy of Plaintiff's police report, a copy of Plaintiff's FTC report, a copy of Plaintiff's utility bill, a copy of Plaintiff's utility bill and a copy of Plaintiff's driver's license for identification verification.

**ANSWER:**    In response to Paragraph 92 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

93.    Plaintiff's dispute packages contained more than enough information for the CRAs to investigate and find that Plaintiff was, in fact, the victim of identity theft, and that the fraudulent and inaccurate accounts had been placed on Plaintiffs credit reports as a result of identity theft, yet the CRAs failed to delete fraudulent and inaccurate information disputed by Plaintiff.

**ANSWER:**  In response to Paragraph 93 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 93 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

34

94.    After pulling new credit reports following their dispute, Plaintiff found that the CRAs continued reporting the fraudulent and inaccurate accounts disputed by Plaintiff, in violation of the FCRA.

**ANSWER:**  In response to Paragraph 94 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 94 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

95.    The CRAs violated their duty under 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed information from Plaintiffs credit files and/or credit reports.

**ANSWER:**  In response to Paragraph 95 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.. As it relates to the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegations contained therein.

96.    Had the CRAs conducted a reasonable investigation into Plaintiffs dispute as required by statute, they would have easily found that Plaintiff was the victim of identity theft and promptly deleted the disputed items from Plaintiffs credit files and/or credit reports in accordance with the FCRA. Instead, the CRAs continued their inaccurate credit reporting about Plaintiff, to Plaintiffs great detriment.

**ANSWER:**  In response to Paragraph 96 of the Complaint, Experian denies Plaintiff's suggestion that Experian failed to follow the requirements of the FCRA. As to the remaining allegations in paragraph 96 of the Complaint, Experian denies, generally and specifically, each

and every allegation contained therein. As the allegations in paragraph 96 of the Complaint

relate to the other Defendants, Experian states that it lacks knowledge or information sufficient

to form a belief as to the truth of these allegations and, on that basis, denies, generally and

specifically, each and every allegation contained therein.

**COUNT V:**

**15 U.S.C. § 1681c-2(a)**
**Failure to Block the Reporting of Identity Theft Information within Four (4) Business Days**
**(Defendants Experian, Equifax and Trans Union)**

97.     Plaintiff incorporates by reference the foregoing paragraphs and as though the same

were set forth at length herein.

**ANSWER:**  In response to Paragraph 97 of the Complaint, Experian hereby incorporates by

reference the foregoing answers as if reinstated herein.

98.     The FCRA provides the following:

[A] consumer reporting agency shall block the reporting of any information in the

file of a consumer that the consumer identities as information that resulted from an

alleged identity theft, not later than 4 business days after the date of receipt by such

agency of-

(1)  appropriate proof of identity of the consumer;

(2)  a copy of an identity theft report;

(3)  the identification of such information by the consumer; and

(4)  a statement by the consumer that the information is not information

relating to any transaction by the consumer.

15 U.S.C. § 168lc-2(a).

**ANSWER:**   In response to Paragraph 98 of the Complaint, Experian admits that Plaintiff

purports to quote 15 U.S.C. § 1681c-2(a). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 98 of the Complaint inconsistent therewith.

99.    After Plaintiff discovered the fraudulent and inaccurate accounts appearing on their credit reports, Plaintiff disputed the accounts through dispute packages mailed directly to the CRA's via USPS certified mail.

**ANSWER:**   In response to Paragraph 99 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 99 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

100.    Plaintiff's first dispute packages contained a detailed and thorough signed dispute letter in which Plaintiff stated that they were the victim of identity theft. Plaintiff's dispute letters also identified the fraudulent and inaccurate accounts by name and account number. Plaintiff included a copy of Plaintiff's utility bill and a copy of Plaintiff's driver's license for identification verification.

**ANSWER:**   In response to Paragraph 100 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

101.    Plaintiff's second dispute packages included a detailed and thorough signed dispute letter in which Plaintiff stated that they were the victim of identity theft. Plaintiff's dispute letters also identified the fraudulent and inaccurate accounts by name and account number. Plaintiff

included a copy of Plaintiff's FTC identity theft report, a copy of Plaintiff's police report, and a copy of Plaintiff's utility bill and driver's license for identification verification.

**ANSWER:**   In response to Paragraph 101 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

102.    After pulling new credit reports more than four (4) business days following the delivery of Plaintiff's dispute packages, Plaintiff found that the CRAs had continued reporting fraudulent and inaccurate accounts on Plaintiff's credit reports in violation of the FCRA.

**ANSWER:**   In response to Paragraph 102 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 102 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

103.    The violated 15 U.S.C. § 168lc-2(a) when, based on information and belief, it failed to block the reporting of information in Plaintiff's consumer file that Plaintiff identified as having resulted from an alleged identity theft within four (4) days of receipt of proof of identity, a copy of Plaintiff's identity theft report, identification of identity theft-related information, and Plaintiff's statement that the fraudulent and inaccurate accounts were the product of identity theft.

**ANSWER:**   In response to Paragraph 103 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein. As to the other Defendants, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

104.    Had the CRAs acted in accordance with their duties under the FCRA, the would have blocked the reporting of the fraudulent and inaccurate accounts identified by Plaintiff as resulting from identity theft within four (4) days of receipt of Plaintiff's dispute packages.

**ANSWER:**    In response to Paragraph 104 of the Complaint, Experian denies Plaintiff's suggestion that Experian did not act in accordance with the FCRA. As to the remaining allegations in Paragraph 104, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein. As it relates to the other Defendants, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT VI:

### 15 U.S.C. § 1681s-2(b)
### Failure to Conduct a Reasonable Investigation of the Information Disputed by Plaintiff
### (Defendants Midland Credit Management, National Credit Adjusters and Credit Corp Solutions)

105.    Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**    In response to Paragraph 105 of the Complaint, Experian hereby incorporates by reference all of the foregoing answers as though they were set forth herein.

106.    The FCRA provides the following:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall -
>
> (A)    Conduct an investigation with respect to the disputed information;
>
> (B)    Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C)    Report the results of the investigation to the consumer reporting

39

agency;

(D)    If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E)    If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly-

(ii)    Modify that item of information;
(iii)   Deleted that item of information; or
(iv)    Permanently block the reporting of that information.

15 U.S.C. § 1681s-2(b).

**ANSWER:**    In response to Paragraph 106 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1681s-2(b). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 106 of the Complaint inconsistent therewith.

107.    The Data Furnishers furnished information about fraudulent and inaccurate accounts that were the product of identity theft to the Credit Reporting Agencies.

**ANSWER:**  In response to Paragraph 107 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

108.    The Data Furnishers caused fraudulent and inaccurate accounts to be added to Plaintiff's credit files with the Credit Reporting Agencies.

**ANSWER:** In response to Paragraph 108 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

109. On information and belief, notices of Plaintiff's disputes and attachments were transmitted to the Data Furnishers by the CRAs during the dispute process. Therefore, the Data Furnishers were aware that the disputed accounts did not belong to Plaintiff and still verified the disputed accounts as accurate and instructed the CRAs to continue reporting the inaccurate information, to the great detriment of Plaintiff.

**ANSWER:** In response to Paragraph 109 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 109 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

110. The Data Furnishers failed to conduct a reasonable, good faith investigation into Plaintiff's disputes of their inaccurate information.

**ANSWER:** In response to Paragraph 110 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

111. Plaintiff's damages are also attributable to the Data Furnishers are described in detail in paragraphs 43-48 above.

**ANSWER:** In response to Paragraph 111 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

112.    Had the Data Furnishers acted in accordance with their duties under 15 U.S.C. § 1681s-2(b), the Data Furnishers would have recognized that the disputed accounts were the product of identity theft and instructed the CRAs to cease their reporting of the fraudulent and inaccurate accounts. Instead, the Data Furnishers verified disputed accounts as accurate and instructed the CRAs to continue their reporting of the fraudulent and inaccurate accounts.

**ANSWER:** In response to Paragraph 112 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

113.    Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:** In response to Paragraph 113 of the Complaint, Experian hereby incorporates by reference all of the foregoing answers as though they were set forth herein.

114.    The FDCPA defines "debt collectors" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

**ANSWER:** In response to Paragraph 114 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1692a(6). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 114 of the Complaint inconsistent therewith.

115.    Defendant Midland Credit Management is a debt collector as defined by 15 U.S.C. § 1692a(6).

**ANSWER:** In response to Paragraph 115 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

116.    Defendant National Credit Adjusters is a debt collector as defined by 15 U.S.C. § 1692a(6).

**ANSWER:** In response to Paragraph 116 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

117.    Defendant Credit Corp Solutions is a debt collector as defined by 15 U.S.C. § 1692a(6).

**ANSWER:** In response to Paragraph 117 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

118.    The following conduct of Midland Credit Management, National Credit Adjusters (hereinafter "the Debt Collectors") , and Credit Corp Solutions was a direct and/or proximate cause, as well as a substantial factor in, and/or producing cause bringing about the serious injuries, damages, and harm that Plaintiff has suffered and continues to suffer as of the filing of this Complaint. Plaintiff expects their damages caused by the Debt Collectors to continue to accrue and be ongoing until Plaintiff is made whole again.

**ANSWER:**  In response to Paragraph 118 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

119.    The Debt Collectors as defined above, acted in a manner that was willful, intentional, reckless, and/or negligent in their actions related to Plaintiff. As a result of the Debt Collectors' violations of the FDCPA, which are listed below, Plaintiff is entitled to actual, statutory, and punitive damages along with their attorneys' fees and costs in this matter.

**ANSWER:**  In response to Paragraph 119 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

120.    Plaintiff's damages attributable to the Debt Collectors are described in detail in paragraphs 43-48 above.

**ANSWER:**  In response to Paragraph 120 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or

information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

121.    Plaintiff's damages attributable to the Debt Collectors are serious, continuing, and ongoing.

**ANSWER:**  In response to Paragraph 121 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT VII:

### 15 U.S.C. § 1692e(2)(A)
**False Representation of the Character, Amount, or Legal Status of the Alleged Debt
(Defendants Midland Credit Management, National Credit Adjusters and Credit Corp
Solutions)**

122.    Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**  In response to Paragraph 122 of the Complaint, Experian hereby incorporates by reference all of the foregoing answers as though they were set forth herein.

123.    The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

**ANSWER:**  In response to Paragraph 123 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1692e. Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 123 of the Complaint inconsistent therewith.

45

124.    The FDCPA further provides that debt collectors may not falsely represent "the character, amount, or legal status of any debt. " 15 U.S.C. § 1692e(2)(A).

**ANSWER:**  In response to Paragraph 124 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1692e(2)(A). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 123 of the Complaint inconsistent therewith.

125.    The Debt Collectors attempted to collect an alleged debt from Plaintiff regarding a debt Plaintiff does not owe.

**ANSWER:**  In response to Paragraph 125 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

126.    Credit reporting is a debt collection activity.

**ANSWER:**  In response to Paragraph 126 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

127.    The Debt Collectors reported to the CRAs that Plaintiff owed money on the following account:

  a. CREDIT CORP SOLUTIONS IN

    ACCOUNT #534348XXXXXXXXXX

  b. MIDLAND CREDIT MANAGEMENT

    ACCOUNT #32207XXXX

      c.     NATIONAL CREDIT ADJUSTERS LLC

           ACCOUNT #3601XXXX

**ANSWER:** In response to Paragraph 127 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

128.    The above listed accounts are the product of identity theft. The underlying account from which the Collection accounts originated was opened as a result of identity theft. Plaintiff neither opened nor authorized the opening of the underlying accounts.

**ANSWER:** In response to Paragraph 128 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

129.    Debt collectors must stand in the shoes of the original lender for whom they are attempting to collect a debt.

**ANSWER:** In response to Paragraph 129 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

130.    Because Plaintiff did not open the underlying account on which the alleged debts are based, the Debt Collectors violated the FDCPA by falsely representing that Plaintiff was owed the debts that were collecting.

**ANSWER:**  In response to Paragraph 130 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

131.    Collection accounts by nature are highly negative and derogatory, and as a result, Plaintiff has been damaged by the very presence of the collection accounts on their credit reports.

**ANSWER:**  In response to Paragraph 131 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

132.    By reporting the fraudulent and inaccurate account on Plaintiff's credit reports, the Debt Collectors falsely represented the character, amount, and legal status of the alleged debts. The Debt Collectors violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the fraudulent and inaccurate account belonged to Plaintiff, causing damages to Plaintiff.

**ANSWER:**  In response to Paragraph 132 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

133.    Had the Debt Collectors acted in accordance with their duties under the FDCPA, the Debt Collectors would never have reported the fraudulent account to the Credit Reporting Agencies.

**ANSWER:**  In response to Paragraph 133 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or

information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

<u>**COUNT VIII:**</u>

**15 U.S.C. § 1692e(8)**
**Communicating Credit Information that is Known or Should be Known to be False**
**(Defendants Midland Credit Management, National Credit Adjusters and Credit Corp Solutions)**

134.    Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**  In response to Paragraph 134 of the Complaint, Experian hereby incorporates by reference all of the foregoing answers as though they were set forth herein.

135.    The FDCPA provides that a debt collector who engages in "[c]ommunicating or threatening to communicate to any person credit information which is known, or which should be known to be false, including the failure to communicate that a disputed debt is disputed," is acting in violation of the FDCPA. 15 U.S.C. § 1692e(8).

**ANSWER:**  In response to Paragraph 135 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1692e(8). Experian affirmatively states that the statute speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 135 of the Complaint inconsistent therewith.

136.    Credit reporting is a debt collection activity.

**ANSWER:**  In response to Paragraph 136 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

137.    On information and belief, the Debt Collectors knew or should have known that the account at issue in this litigation was the product of identity theft and that the accounts did not

belong to Plaintiff. Even with this knowledge, the Debt Collectors continued to communicate inaccurate information about Plaintiff to the CRAs in violation of the FDCPA.

**ANSWER:**  In response to Paragraph 137 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

138.    The Debt Collectors knew and had notice of the fact that the underlying account did not belong to Plaintiff. On information and belief, the Debt collectors were made aware of the fact that the accounts at issue in this litigation did not belong to Plaintiff. Plaintiff disputed the fraudulent account at issue in this litigation via dispute packages mailed directly to the CRAs.

**ANSWER:**  In response to Paragraph 138 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

139.    Plaintiff's first dispute packages contained a detailed and thorough dispute letter, a copy of Plaintiff's utility bill and a copy of Plaintiff's driver's license for identification verification.

**ANSWER:**  In response to Paragraph 139 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

140.    Plaintiff's second dispute packages contained a detailed and thorough dispute letter, a copy of Plaintiff's FTC identity theft report, a copy of Plaintiff's police report, a copy of Plaintiff's utility bill and a copy of Plaintiff's driver's license for identification verification.

50

**ANSWER:** In response to Paragraph 140 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

141. On information and belief, notice of Plaintiff's disputes and attachments were transmitted to the Debt Collectors by the CRAs during the dispute process. Still, the Debt Collectors, on multiple occasions, verified the fraudulent account as accurate and instructed the CRAs to continue their inaccurate reporting as to Plaintiff.

**ANSWER:** In response to Paragraph 141 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

142. Therefore, the Debt Collectors knew or should have known that the accounts did not belong to Plaintiff and continued debt collection activities while having actual or constructive knowledge that the accounts were the result of identity theft.

**ANSWER:** In response to Paragraph 142 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

143. The Debt Collectors violated 15 U.S.C. § 1692e(8) by communicating fraudulent and inaccurate credit information to the CRAs about Plaintiff that the Debt Collectors knew or should have known was false.

**ANSWER:** In response to Paragraph 143 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or

information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

144.    Had the Debt Collectors acted in accordance with their duties under the FDCPA, LVNV would never have reported the fraudulent and inaccurate accounts to the CRAS.

**ANSWER:**  In response to Paragraph 144 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT IX:

**15 U.S.C. § 1692f**
**Unfair or Unconscionable Means to Collect a Debt**
**(Defendants Midland Credit Management, National Credit Adjusters and Credit Corp Solutions)**

145.    Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**  In response to Paragraph 145 of the Complaint, Experian hereby incorporates by reference all of the foregoing answers as though they were set forth herein.\

146.    The FDCPA provides that"[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA further provides that "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law," 15 U.S.C. § 1692f(l), is a violation of the FDCPA.

**ANSWER:**  In response to Paragraph 146 of the Complaint, Experian admits that Plaintiff purports to quote 15 U.S.C. § 1692f(l). Experian affirmatively states that the statute speaks for itself as to

its claims, defenses, and legal effect, and on that basis, denies any allegations of paragraph 146 of the Complaint inconsistent therewith.

147. Credit reporting is a debt collection activity.

**ANSWER:** In response to Paragraph 147 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

148. On information and belief, the Debt Collectors knew or should have known that the accounts at issue in this litigation were the product of identity theft and that the underlying accounts did not belong to Plaintiff. Even with this knowledge, the Debt Collectors continued to attempt to collect debts related to the fraudulent and inaccurate accounts at issue in this litigation.

**ANSWER:** In response to Paragraph 148 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

149. The Debt Collectors knew and had notice of the fact that the underlying account did not belong to Plaintiff. On information and belief, the Debt Collectors were made aware of the fact that the accounts at issue in this litigation did not belong to Plaintiff. Plaintiff disputed the fraudulent account at issue in this litigation via dispute packages mailed directly to the CRAs.

**ANSWER:** In response to Paragraph 149 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

150.    Plaintiff's first dispute packages contained a detailed and thorough dispute letter, a copy of Plaintiff's utility bill and a copy of Plaintiff's driver's license for identification verification.

**ANSWER:**  In response to Paragraph 150 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

151.    Plaintiff's second dispute packages contained a detailed and thorough dispute letter, a copy of Plaintiff's FTC identity theft report, a copy of Plaintiff's police report, a copy of Plaintiff's utility bill and a copy of Plaintiff's driver's license for identification verification.

**ANSWER:**  In response to Paragraph 151 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

152.    On information and belief, notice of Plaintiff's disputes and attachments were transmitted to the Debt Collectors by the CRAs during the dispute process. Still, the Debt Collectors, on multiple occasions, verified the fraudulent account as accurate and instructed the CRAs to continue their inaccurate reporting as to Plaintiff.

**ANSWER:**  In response to Paragraph 152 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

153.    On information and belief, notice of Plaintiff's dispute and attachments were transmitted to the Debt Collectors by the CRAs during the dispute process.

**ANSWER:**  In response to Paragraph 153 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

154.    Therefore, the Debt Collectors knew or should have known that the accounts did not belong to Plaintiff and continued debt collection activities while having actual or constructive knowledge that the accounts were the result of identity theft.

**ANSWER:**  In response to Paragraph 154 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

155.    Plaintiff neither opened nor authorized the opening of the fraudulent and inaccurate accounts at issue in this litigation. Because Plaintiff had no part in the agreement creating the alleged debts, the Debt Collectors could not legally engage in debt collection activities against Plaintiff related to the alleged debts. The Debt Collectors violated 15 U.S.C. § 1692f(l) when they attempted to collect debts not expressly authorized by the agreement creating the debt or permitted by law.

**ANSWER:**  In response to Paragraph 155 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

156.    Had the Debt Collectors acted in accordance with their duties under the FDCPA, LVNV would never have engaged in debt collection activities, including credit reporting, related to the alleged debts.

**ANSWER:**  In response to Paragraph 156 of the Complaint, Experian states that these allegations only pertain to another Defendant, and on that basis, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks a trial by jury and a judgment in Plaintiff's favor against Defendants based on the following requested relief:

a.    Actual and compensatory damages pursuant to 15 U.S.C. § 1681;

b.    Statutory damages pursuant to 15 U.S.C. § 1681;

c.    Punitive damages pursuant to 15 U.S.C. § 1681;

d.    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o,

e.    Actual damages pursuant to 15 U.S.C. § 1692k;

f.    Statutory damages pursuant to 15 U.S.C. § 1692k;

g.    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

h.    Such other and further relief as may be necessary, just and proper.

**ANSWER:**  The "WHEREFORE" paragraphs purport to state Plaintiff's Prayer for Relief, to which no response is required.  To the extent a response is required, Experian admits that Plaintiff demands a trial by jury.  Experian does not join in that demand.

56

*    *    *    *    *

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE
## (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## SECOND AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate Plaintiff's damages.

## THIRD AFFIRMATIVE DEFENSE
## (COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of third parties and resulted from third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## FOURTH AFFIRMATIVE DEFENSE
## (ARBITRATION)

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)    That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)    For costs of suit herein incurred; and

57

(3)    For such other and further relief as the Court may deem just and proper.

Dated: June 4, 2026                             Respectfully Submitted,

                                                **BUTLER SNOW LLP**

                                                /s *Julie M. McCall*
                                                Julie M. McCall
                                                445 North Boulevard, Suite 300
                                                Baton Rouge, LA 70802
                                                Tel.: 225-325-8734

                                                and

                                                **GOODWIN PROCTER LLP**

                                                */s/ Fatmeh Basma*
                                                Fatmeh Basma (*pro hac vice application
                                                forthcoming*)
                                                1900 N Street NW
                                                Washington DC 20036
                                                Tel.: 202-346-4528

                                                *Attorneys for Defendant Experian
                                                Information Solutions, Inc.*

58

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2026, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Julie M. McCall
Attorney for Defendant Experian
Information Solutions, Inc.