**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

EDWARD BLUE                                                                    PLAINTIFF

v.                                                                CASE NO. 3:26-CV-470-JWD-EWD

EXPERIAN INFORMATION SOLUTIONS, INC., et al.                    DEFENDANTS

## ANSWER TO COMPLAINT

COMES NOW, Defendant Midland Credit Management, Inc. ("Midland"), by and through its undersigned counsel of record, and files this Answer to the Complaint filed by Edward Blue ("Plaintiff") in the above numbered and styled action and in support thereof would show unto the Court as follows:

## AFFIRMATIVE DEFENSES

Midland is not yet aware of all of the facts and circumstances giving rise to the claims set forth in the Complaint. Accordingly, the following defenses are raised so as not to be waived as a matter of law. These defenses will be relied upon to the extent the facts developed show that they apply.

## FIRST AFFIRMATIVE DEFENSE

Any representation alleged by Plaintiff to be false and misleading was not material.

## SECOND AFFIRMATIVE DEFENSE

Any violation on the part of Midland, which is expressly denied, was done unintentionally, resulted from a bona fide and/or clerical error, and/or error of the Court, notwithstanding the maintenance of procedures reasonably adapted to avoid any such clerical error.

## THIRD AFFIRMATIVE DEFENSE

If Midland violated any applicable statutory provision, which is expressly denied, such violation resulted from good faith reliance upon incorrect information (existence of such incorrect

30256922.3

information being expressly denied) offered by another person.

### FOURTH AFFIRMATIVE DEFENSE

Midland asserts all defenses and limitations of remedy available to it under the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and/or any other statute applicable to this case.

### FIFTH AFFIRMATIVE DEFENSE

Midland is not responsible for acts of third parties.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual damages as a result of the alleged acts and/or omissions of Midland.

### EIGHTH AFFIRMATIVE DEFENSE

Any damages allegedly sustained by Plaintiff were not proximately caused by an act or omission of Midland.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations or prescription periods.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing because Plaintiff does not possess any evidence that Midland's actions caused him actual injury.

30256922.3

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are subject to contractual waivers of his right to a jury trial and are subject to binding arbitration. Midland does not waive and expressly retains the right to enforce these provisions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff asserts a claim for punitive damages against Midland, such claim is barred by the Constitution and the laws of the United States and the State of Louisiana; and, in particular, Plaintiff's claim of punitive damages is unconstitutional under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Midland reserves the right to raise as an affirmative defense herein any other defenses that may be applicable to Midland.

Responding specifically to the allegations of the Complaint, Midland would show as follows:

**PRELIMINARY STATEMENT**

1.      Midland admits that Plaintiff asserts claims under the FCRA but denies that its conduct constituted an actionable violation of this statute and denies that Plaintiff is entitled to any recovery whatsoever in this action from Midland.

2.      Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

3.      Midland denies that its conduct constituted an actional violation of any statute and denies that Plaintiff is entitled to any recovery whatsoever in this action.

4.      Midland denies the allegations contained in this Paragraph to the extent they apply

3

to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

5.      Midland denies the allegations contained in this Paragraph to the extent it seeks to impose liability upon anyone other than the named Defendants. Midland denies the remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

### JURISDICTION AND VENUE

6.      Midland admits that this Court has jurisdiction over this action.

7.      Midland admits that venue is proper in this Court.

### PARTIES

8.      Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

9.      The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

10.     The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

11.     The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

12.     The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained

4

in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

13.     Midland admits that under certain circumstances, it may meet the FCRA's definition of a "furnisher," but it lacks sufficient knowledge or information to either admit or deny that those circumstances exist with respect to Plaintiff and therefore denies this allegation. Midland admits that it is registered to do business in Louisiana.

14.     The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

## FACTUAL ALLEGATIONS

15.     Midland adopts and incorporates its previous defenses, responses, and denials to Paragraphs 1 through 14 as if they were set forth in their entirety herein.

16.     Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

17.     Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

18.     Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

19.     Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief thereof.

20.     Midland denies the allegations contained in this Paragraph, including subparts (a) through (c) for lack of information sufficient to justify a belief as to the truth thereof.

21.     Midland denies the allegations contained in this Paragraph for lack of information

30256922.3

sufficient to justify a belief as to the truth thereof.

22.    Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

23.    Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

24.    Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

25.    Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

26.    Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

27.    Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

28.    Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

29.    Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

30.    Midland denies the allegations contained in this Paragraph, including subparts (a) through (c) for lack of information sufficient to justify a belief as to the truth thereof.

31.    Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

32.    Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

30256922.3

33. Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

34. Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

35. Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

36. Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

37. Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

38. Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

39. Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

40. Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

41. Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

42. Midland denies the allegations contained in this Paragraph.

## PLAINTIFF'S DAMAGES

43. Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

7

44. Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

45. Midland denies the allegations contained in this Paragraph, including subparts (a) through (c), to the extent they apply to Midland. Midland denies its conduct constituted an actionable violation of any law or statute and denies that Plaintiff is entitled to any recovery whatsoever in this action against Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

46. Midland denies the allegations contained in this Paragraph, including subparts (a) through (d), to the extent they apply to Midland. Midland denies its conduct constituted an actionable violation of any law or statute and denies that Plaintiff is entitled to any recovery whatsoever in this action against Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

47. Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies its conduct constituted an actionable violation of any law or statute and denies that Plaintiff is entitled to any recovery whatsoever in this action against Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

48. Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies its conduct constituted an actionable violation of any law or statute and denies that Plaintiff is entitled to any recovery whatsoever in this action against Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

30256922.3

## CAUSES OF ACTION

49.    Midland adopts and incorporates its previous defenses, responses, and denials to Paragraphs 1 through 48 as if they were set forth in their entirety herein.

50.    Midland admits that Plaintiff asserts claims under the FCRA and FDCPA but denies that its conduct constituted an actionable violation of either statute and denies that Plaintiff is entitled to any recovery whatsoever from Midland in this action.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA)

51.    Midland adopts and incorporates its previous defenses, responses, and denials to Paragraphs 1 through 50 as if they were set forth in their entirety herein.

52.    The FCRA speaks for itself, and this Paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Midland admits that this Paragraph includes a partial quotation from a subsection of the FCRA.

53.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

54.    The FCRA speaks for itself, and this Paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Midland admits that this Paragraph includes a partial quotation from a subsection of the FCRA.

55.    The Code of Federal Regulations ("CFR") speaks for itself, and this Paragraph calls for a legal conclusion for which no response is required. To the extent a response is required, Midland admits that this Paragraph includes a partial quotation from a subsection of the CFR.

56.    Midland admits that under certain circumstances, it may meet the FCRA's and CFR's definitions of "person" and/or "furnisher," but it lacks sufficient knowledge or information

30256922.3

to either admit or deny that those circumstances exist with respect to the Plaintiff, and therefore denies this allegation to the extent it applies to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

57.    Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies its conduct constituted an actionable violation of any law or statute and denies that Plaintiff is entitled to any recovery whatsoever in this action against Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

58.    Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies its conduct constituted an actionable violation of any law or statute and denies that Plaintiff is entitled to any recovery whatsoever in this action against Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

59.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

60.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

61.    Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies its conduct constituted an actionable violation of any law or statute and denies that Plaintiff is entitled to any recovery whatsoever in this action against Midland.

30256922.3

Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(Experian, Equifax, and Trans Union)**

62.     Midland adopts and incorporates its previous defenses, responses, and denials to Paragraphs 1 through 61 as if they were set forth in their entirety herein.

63.     The FCRA speaks for itself, and this Paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Midland admits that this Paragraph includes a partial quotation from a subsection of the FCRA.

64.     The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

65.     The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

66.     The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

67.     The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

68.     The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained

11

in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

69.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

70.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

**COUNT 11**
**15 U.S.C. § 1681i(a)(1)(A)**
**Failure to Conduct a Reasonable Investigation into Plaintiff's Dispute**
**(Defendants Experian, Equifax, and Trans Union)**

71.    Midland adopts and incorporates its previous defenses, responses, and denials to Paragraphs 1 through 70 as if they were set forth in their entirety herein.

72.    The FCRA speaks for itself, and this Paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Midland admits that this Paragraph includes a partial quotation from a subsection of the FCRA.

73.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

74.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

75.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

30256922.3

76.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

77.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

78.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

79.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

## COUNT III
### 15 U.S.C. § 1681i(a)(4)
**Failure to Read and Consider Documents Attached to Plaintiff's Dispute**
**(Defendants Experian, Equifax and Trans Union)**

80.    Midland adopts and incorporates its previous defenses, responses, and denials to Paragraphs 1 through 79 as if they were set forth in their entirety herein.

81.    The FCRA speaks for itself, and this Paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Midland admits that this Paragraph includes a partial quotation from a subsection of the FCRA.

82.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

83.    The allegations contained in this Paragraph do not apply to Midland; therefore, no

13

30256922.3

response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

84.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

85.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

86.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

87.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

## COUNT IV
### 15 U.S.C. § 1681i(a)(5)(A)
### Failure to Delete and/or Modify the Disputed Information
### (Defendants Experian[,] Trans Union and Equifax)

88.    Midland adopts and incorporates its previous defenses, responses, and denials to Paragraphs 1 through 87 as if they were set forth in their entirety herein.

89.    The FCRA speaks for itself, and this Paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Midland admits that this Paragraph includes a partial quotation from a subsection of the FCRA.

90.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained

14

30256922.3

in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

91.     The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

92.     The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

93.     The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

94.     The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

95.     The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

96.     The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

## COUNT V
## 15 U.S.C. § 1681c-2(a)
## Failure to Block the Reporting of Identity Theft Information within Four (4) Business Days
### (Defendants Experian, Equifax and Trans Union)

97.     Midland adopts and incorporates its previous defenses, responses, and denials to Paragraphs 1 through 96 as if they were set forth in their entirety herein.

15

30256922.3

98.     The FCRA speaks for itself, and this Paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Midland admits that this Paragraph includes a partial quotation from a subsection of the FCRA.

99.     The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

100.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

101.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

102.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

103.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

104.    The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

30256922.3

## COUNT VI
## 15 U.S.C. § 1681s-2(b)
## Failure to Conduct a Reasonable Investigation of the Information Disputed by Plaintiff
## (Defendants Midland Credit Management, National Credit Adjusters and Credit Corp Solutions)

105.    Midland adopts and incorporates its previous defenses, responses, and denials to Paragraphs 1 through 104 as if they were set forth in their entirety herein.

106.    The FCRA speaks for itself, and this Paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Midland admits that this Paragraph includes a partial quotation from a subsection of the FCRA.

107.    Midland admits that it provided information to the Credit Reporting Agencies but denies that any such information was fraudulent or inaccurate. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

108.    Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

109.    Midland admits that it received notice of Plaintiff's earlier dispute. Midland denies the remaining allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

110.    Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

111.    Midland denies the allegations contained in this Paragraph to the extent they apply

30256922.3

to Midland. Midland denies its conduct constituted an actionable violation of any law or statute and denies that Plaintiff is entitled to any recovery whatsoever in this action against Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

112. Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

113. Midland adopts and incorporates its previous defenses, responses, and denials to Paragraphs 1 through 112 as if they were set forth in their entirety herein.

114. The FDCPA speaks for itself, and this Paragraph calls for a legal conclusion for which no responses is required. To the extent that a response is required, Midland admits that this Paragraph includes a partial quotation from a subsection of the FDCPA.

115. Midland admits that under certain circumstances, it may meet the FDCPA's definition of a "debt collector," but it lacks sufficient knowledge or information to either admit or deny that those circumstances exist with respect to Plaintiff and therefore denies this allegation.

116. The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

117. The allegations contained in this Paragraph do not apply to Midland; therefore, no response is required. To the extent a response is required, Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

118. Midland denies the allegations contained in this Paragraph to the extent they apply

18

30256922.3

to Midland. Midland denies its conduct constituted an actionable violation of any law or statute and denies that Plaintiff is entitled to any recovery whatsoever in this action against Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

119. Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies its conduct constituted an actionable violation of any law or statute and denies that Plaintiff is entitled to any recovery whatsoever in this action against Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

120. Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies its conduct constituted an actionable violation of any law or statute and denies that Plaintiff is entitled to any recovery whatsoever in this action against Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

121. Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies its conduct constituted an actionable violation of any law or statute and denies that Plaintiff is entitled to any recovery whatsoever in this action against Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

**COUNT VII**
**15 U.S.C. § 1692e(2)(A)**
**False Representation of the Character, Amount, or Legal Status of the Alleged Debt**
**(Defendants Midland Credit Management, National Credit Adjusters and Credit Corp Solutions)**

122. Midland adopts and incorporates its previous defenses, responses, and denials to

19

Paragraphs 1 through 121 as if they were set forth in their entirety herein.

123. The FDCPA speaks for itself, and this Paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Midland admits that this Paragraph includes a partial quotation from a subsection of the FDCPA.

124. The FDCPA speaks for itself, and this Paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Midland admits that this Paragraph includes a partial quotation from a subsection of the FDCPA.

125. Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

126. This Paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Midland admits that under certain circumstances, credit reporting may constitute collection activity under the FDCPA, but it lacks sufficient knowledge or information to either admit or deny that those circumstances exist with respect to Plaintiff and therefore denies this allegation.

127. Midland admits that it reported information concerning the account listed in subpart (b) to the CRAs. Midland denies the remaining allegations contained in this Paragraph, including subparts (a) and (c), for lack of information sufficient to justify a belief as to the truth thereof.

128. Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

129. This Paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Midland admits the allegations contained in this Paragraph to the extent they apply to Midland.

130. Midland denies the allegations contained in this Paragraph to the extent they apply

20

30256922.3

to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

131.    Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

132.    Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

133.    Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

**COUNT VIII**
**15 U.S.C. § 1692e(8)**
**Communicating Credit Information that is Known or Should be Known to be False**
**(Defendants Midland Credit Management, National Credit Adjusters and Credit Corp**
**Solutions)**

134.    Midland adopts and incorporates its previous defenses, responses, and denials to Paragraphs 1 through 133 as if they were set forth in their entirety herein.

135.    The FDCPA speaks for itself, and this Paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Midland admits that this Paragraph includes a partial quotation from a subsection of the FDCPA.

136.    This Paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Midland admits that under certain circumstances, credit reporting may constitute collection activity under the FDCPA, but it lacks sufficient knowledge or information to either admit or deny that those circumstances exist with respect to Plaintiff and

21

30256922.3

therefore denies this allegation.

137. Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

138. Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

139. Midland admits the allegations contained in this Paragraph.

140. Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

141. Midland admits that it received notice of Plaintiff's earlier dispute. Midland denies the remaining allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

142. Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

143. Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

144. Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

30256922.3

**COUNT IX**
**15 U.S.C. § 1692f**
**Unfair or Unconscionable Means to Collect a Debt**
**(Defendants Midland Credit Management, National Credit Adjusters and Credit Corp Solutions)**

145.    Midland adopts and incorporates its previous defenses, responses, and denials to Paragraphs 1 through 144 as if they were set forth in their entirety herein.

146.    The FDCPA speaks for itself, and this Paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Midland admits that this Paragraph includes a partial quotation from a subsection of the FDCPA.

147.    This Paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Midland admits that under certain circumstances, credit reporting may constitute collection activity under the FDCPA, but it lacks sufficient knowledge or information to either admit or deny that those circumstances exist with respect to Plaintiff and therefore denies this allegation.

148.    Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

149.    Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

150.    Midland admits the allegations contained in this Paragraph.

151.    Midland denies the allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

152.    Midland admits that it received notice of Plaintiff's earlier dispute. Midland denies

23

the remaining allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

153.    Midland admits that it received notice of Plaintiff's earlier dispute. Midland denies the remaining allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

154.    Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

155.    This Paragraph calls for a legal conclusion for which no response is required. To the extent that a response is required, Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

156.    Midland denies the allegations contained in this Paragraph to the extent they apply to Midland. Midland denies any remaining allegations contained in this Paragraph for lack of information sufficient to justify a belief as to the truth thereof.

## PRAYER FOR RELIEF

In response to the unnumbered Paragraph beginning with WHEREFORE, including subparts (a) through (h), Midland denies its conduct constituted an actionable violation of any law or statute and denies that Plaintiff is entitled to any recovery whatsoever in this action.

WHEREFORE, PREMISES CONSIDERED, Midland Credit Management, Inc. prays that this, its Answer, be deemed good and sufficient and that, after due proceedings be had, judgment

24

30256922.3

be entered herein in favor of Midland Credit Management, Inc., and against Plaintiff, dismissing

Plaintiff's demands with prejudice, awarding Midland Credit Management, Inc. all attorneys' fees

and costs, and for all other general and equitable relief to which Midland Credit Management, Inc.

is entitled.

Respectfully submitted, this the 24th day of June, 2026.

MIDLAND CREDIT MANAGEMENT, INC.

BY:    BALCH & BINGHAM LLP

BY: */s/ Matthew W. McDade*
     Of Counsel

Matthew W. McDade (LA Bar No. 32899)
BALCH & BINGHAM LLP
1310 25th Avenue
Gulfport, MS 39501
Telephone:  (228) 864-9900
Facsimile:  (228) 864-8221
mmcdade@balch.com

30256922.3

## CERTIFICATE OF SERVICE

I certify that on this day I have caused the foregoing pleading to be filed electronically filed with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

This the 24th day of June, 2026.

/s/ *Matthew W. McDade*
Of Counsel

30256922.3