**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| EDWARD BLUE, | Case No. 3:26-cv-00470-JWD-EWD |
| Plaintiff, | Honorable Judge John W. deGravelles |
| v. | Magistrate Judge Erin Wilder-Doomes |
| EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, NATIONAL CREDIT ADJUSTERS, LLC, MIDLAND CREDIT MANAGEMENT, INC. and CREDIT CORP SOLUTIONS, INC., | |
| Defendants. | |

## EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

### PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

### ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

**PRELIMINARY STATEMENT**

1.

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

2.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

3.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

4.

Equifax denies the allegations in this paragraph.

5.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**JURISDICTION AND VENUE**

6.

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

7.

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

8.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff is a natural person and qualifies as a "consumer" under the FCRA.

9.

Equifax admits that it is a limited liability company that is registered to do business in the State of Louisiana. Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

10.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

11.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

12.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

13.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

14.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**FACTUAL ALLEGATIONS**

15.

Equifax incorporates the preceding answers as though the same were set forth at length herein.

16.

Equifax denies the allegations in this paragraph.

17.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

18.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

19.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

20.

Equifax admits that, at times, Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. have furnished information to it purportedly concerning Plaintiff. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

21.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

22.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts. Equifax denies reporting inaccurate information.

23.

Equifax admits that it has received letters from Plaintiff concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts, the contents of which speak for themselves.

24.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

25.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

26.

Equifax admits that on June 1, 2025, it received a letter from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts. Equifax denies the remaining allegations in this paragraph.

27.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

28.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

29.

Equifax denies reporting inaccurate information and denies that it violated the FCRA or any other law. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

30.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

31.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

32.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts, the contents of which speak for themselves.

33.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

34.

Equifax admits that on September 7, 2025, it received a letter from Plaintiff, via certified mail, concerning the National Credit Adjusters and Credit Corp Solutions, Inc. accounts.

35.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

36.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

37.

Equifax admits that on September 14, 2025, it sent Plaintiff a letter, the contents of which speak for themselves.

38.

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

39.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

40.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

41.

Equifax denies the allegations in this paragraph.

42.

Equifax denies the allegations in this paragraph.

## **PLAINTIFF'S DAMAGES**

43.

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

44.

Equifax denies the allegations in this paragraph.

45.

Equifax denies the allegations in this paragraph.

46.

Equifax denies the allegations in this paragraph.

47.

Equifax denies the allegations in this paragraph.

48.

Equifax denies the allegations in this paragraph.

**CAUSES OF ACTION**

49.

Equifax incorporates the preceding answers as though the same were set forth at length herein.

50.

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**VIOLATIONS OF THE FAIR CREDIT REPORTNG ACT (FCRA)**

51.

Equifax incorporates the preceding answers as though the same were set forth at length herein.

52.

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

53.

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. Equifax denies the remaining allegations in this paragraph.

54.

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

55.

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

56.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

57.

Equifax denies the allegations in this paragraph.

58.

Equifax denies the allegations in this paragraph.

59.

Equifax denies the allegations in this paragraph.

60.

Equifax denies the allegations in this paragraph.

61.

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

## COUNT I:

**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(Experian, Equifax, and Trans Union)**

62.

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

63.

Equifax states that the statutory provisions referenced by this paragraph speak for

themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

misquotes, or takes out of context the contents of the statutory provisions referenced by this

paragraph.

64.

Equifax denies the allegations in this paragraph.

65.

Equifax denies the allegations in this paragraph.

66.

Equifax denies the allegations in this paragraph.

67.

Equifax denies the allegations in this paragraph.

68.

Equifax denies the allegations in this paragraph.

69.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the

Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts,

the contents of which speak for themselves. Equifax denies reporting inaccurate information.

70.

Equifax denies the allegations in this paragraph.

### COUNT II:

**15 U.S.C. § 1681i(a)(1)(A)**
**Failure to Conduct a Reasonable Investigation into Plaintiff's Dispute**
**(Defendants Experian, Equifax and Trans Union)**

71.

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

72.

Equifax states that the statutory provisions referenced by this paragraph speak for

themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

misquotes, or takes out of context the contents of the statutory provisions referenced by this

paragraph.

73.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the

Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts.

Equifax denies reporting inaccurate information.

74.

Equifax admits that it has received letters from Plaintiff concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts, the contents of which speak for themselves.

75.

Equifax admits that it has received letters from Plaintiff concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts, the contents of which speak for themselves.

76.

Equifax admits that it has received letters from Plaintiff concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

77.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

78.

Equifax denies the allegations in this paragraph.

79.

Equifax denies the allegations in this paragraph.

## COUNT III:

**15 U.S.C. § 1681i(a)(4)**
**Failure to Read and Consider Documents Attached to Plaintiff's Dispute**
**(Defendants Experian, Equifax and Trans Union)**

80.

Equifax incorporates the preceding answers as though the same were set forth at length herein.

81.

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

82.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts. Equifax denies reporting inaccurate information.

83.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts, the contents of which speak for themselves.

84.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts, the contents of which speak for themselves.

14

85.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts, the contents of which speak for themselvs. Equifax denies reporting inaccurate information.

86.

Equifax denies the allegations in this paragraph.

87.

Equifax denies the allegations in this paragraph.

## COUNT IV:

**15 U.S.C. § 1681i(a)(5)(A)**
**Failure to Delete and/or Modify the Disputed Information**
**(Defendants Experian Trans Union and Equifax)**

88.

Equifax incorporates the preceding answers as though the same were set forth at length herein.

89.

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

90.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts. Equifax denies reporting inaccurate information.

91.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts, the contents of which speak for themselves.

92.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts, the contents of which speak for themselves.

93.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

94.

Equifax denies the allegations in this paragraph.

95.

Equifax denies the allegations in this paragraph.

96.

Equifax denies the allegations in this paragraph.

## COUNT V:

**15 U.S.C. § 1681c-2(a)**
**Failure to Block the Reporting of Identity Theft Information within Four (4) Business Days**
**(Defendants Experian, Equifax and Trans Union)**

97.

Equifax incorporates the preceding answers as though the same were set forth at length herein.

98.

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

99.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts. Equifax denies reporting inaccurate information.

100.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts, the contents of which speak for themselves. Equifax denies reporting inaccurate information.

101.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts, the contents of which speak for themselves. Equifax denies reporting inaccurate information.

17

102.

Equifax denies the allegations in this paragraph.

103.

Equifax denies the allegations in this paragraph.

104.

Equifax denies the allegations in this paragraph.

## COUNT VI:

**15 U.S.C. § 1681s-2(b)**
**Failure to Conduct a Reasonable Investigation of the Information Disputed by Plaintiff**
**(Defendants Midland Credit Management, National Credit Adjusters and Credit Corp**
**Solutions)**

105.

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

106.

Equifax states that the statutory provisions referenced by this paragraph speak for

themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

misquotes, or takes out of context the contents of the statutory provisions referenced by this

paragraph.

107.

Equifax admits that, at times, Midland Credit Management, National Credit Adjusters, and

Credit Corp Solutions, Inc. have furnished information to it purportedly concerning Plaintiff.

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information

sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis,

denies the allegations contained therein.

108.

Equifax admits that, at times, Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. have furnished information to it purportedly concerning Plaintiff. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

109.

Equifax admits that it contacted Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. in connection with its investigations of Plaintiff's disputes. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

110.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

111.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

112.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## <u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)</u>

### 113.

Equifax incorporates the preceding answers as though the same were set forth at length herein.

### 114.

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

### 115.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### 116.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### 117.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### 118.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### 119.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

120.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

121.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT VII:

**15 U.S.C. § 1692e(2)(A)**
**False Representation of the Character, Amount, or Legal Status of the Alleged Debt**
**(Defendants Midland Credit Management, National Credit Adjusters and Credit Corp Solutions)**

122.

Equifax incorporates the preceding answers as though the same were set forth at length herein.

123.

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

124.

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

125.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

126.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

127.

Equifax admits that, at times, Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. have furnished information to it purportedly concerning Plaintiff. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

128.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

129.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

130.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

131.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

132.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

133.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT VIII:

**15 U.S.C. § 1692e(8)**
**Communicating Credit Information that is Known or Should be Known to be False**
**(Defendants Midland Credit Management, National Credit Adjusters and Credit Corp**
**Solutions)**

134.

Equifax incorporates the preceding answers as though the same were set forth at length herein.

135.

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

136.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

137.

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

23

138.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

139.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts, the contents of which speak for themselves.

140.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts, the contents of which speak for themselves.

141.

Equifax admits that it contacted Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. in connection with its investigations of Plaintiff's disputes. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

142.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

143.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

144.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### COUNT IX:

**15 U.S.C. § 1692f**
**Unfair or Unconscionable Means to Collect a Debt**
**(Defendants Midland Credit Management, National Credit Adjusters and Credit Corp Solutions)**

145.

Equifax incorporates the preceding answers as though the same were set forth at length herein.

146.

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

147.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

148.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

149.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

150.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts, the contents of which speak for themselves.

151.

Equifax admits that it has received letters from Plaintiff, via certified mail, concerning the Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. accounts, the contents of which speak for themselves.

152.

Equifax admits that it contacted Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. in connection with its investigations of Plaintiff's disputes. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

153.

Equifax admits that it contacted Midland Credit Management, National Credit Adjusters, and Credit Corp Solutions, Inc. in connection with its investigations of Plaintiff's disputes. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

154.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

155.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

156.

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## PRAYER FOR RELIEF

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law. Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it.  Equifax is neither incorporated nor headquartered in Louisiana, and the conduct giving rise to Plaintiff's claim occurred outside of Louisiana and was not targeted at Louisiana.

## SECOND DEFENSE

At all relevant times herein, Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

## THIRD DEFENSE

Subject to proof through discovery, Plaintiff's causes of action are barred, in whole or in part, by the statute of limitations.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action; and

(3)    it recover such other and additional relief as the Court deems just and appropriate.

DATED:  July 6, 2026

Respectfully submitted,

JONES WALKER LLP

By:  */s/ Patrick M. Van Burkleo*

Patrick M. Van Burkleo (#41471)
pvanburkleo@joneswalker.com
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, LA  70170-5100
Telephone:  (504) 582-8464
Facsimile:  (504) 589-8398

*Counsel for Defendant*
*Equifax Information Services LLC*

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 6, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


   */s/ Patrick M. Van Burkleo*
Patrick M. Van Burkleo
*Counsel for Defendant*
*Equifax Information Services LLC*