# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

|  |  |
|---|---|
| EDWARD BLUE, | CASE NO. 3:26-CV-00470-JWD-EWD |
| Plaintiff, | |
| vs. | |
| | JUDGE JOHN W. deGRAVELLES |
| EXPERIAN INFORMATION SOLUTIONS, INC, EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, NATIONAL CREDIT ADJUSTERS, LLC, MIDLAND CREDIT MANAGEMENT, INC, and CREDIT CORP SOLUTIONS, INC, | MAGISTRATE JUDGE ERIN WILDER DOOMES |
| Defendants. | |

## DEFENDANT CREDIT CORP SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Credit Corp Solutions, Inc. ("Credit Corp"), through its undersigned counsel, submits the following Answer and Affirmative Defenses to Plaintiff Edward Blue's ("Plaintiff") Complaint. Specifically, in response to the numbered paragraphs included in the Complaint, Defendant admits, denies, or otherwise responds to the allegations as set forth below. All allegations are hereby denied unless expressly admitted. Further, an admission to a portion of an allegation does not constitute an admission, either express or implied, to the remainder of the allegation.

4902-6595-5003 v1

## PRELIMINARY STATEMENT

1.      As to Paragraph 1, Credit Corp admits that Plaintiff attempts to bring claims for alleged violations of the Fair Credit Reporting Act ("FCRA"). Credit Corp denies any such violations, denies that Plaintiff suffered any damages, and puts Plaintiff to the strictest proof.

2.      As to Paragraph 2, Credit Corp lacks knowledge or information sufficient to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

3.      As to Paragraph 3, Credit Corp lacks knowledge or information sufficient to form a belief about the truth of the matter asserted and therefore denies the allegations therein. Credit Corp further denies that Fed. R. Civ. P. 8 permits Plaintiff to allege "violations of the statutes cited in their entirety."

4.      As to Paragraph 4, Credit Corp denies the allegations therein.

5.      As to Paragraph 5, Credit Corp denies that the allegations in the Complaint are plausibly made against "all" of what the Complaint vaguely and ambiguously refers to as Credit Corp's "agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers." To the extent any allegations in the Complaint are advanced against Credit Corp's "agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers," Credit Corp denies all such allegations for lack of information sufficient to form a belief as to the truth of the matter asserted. Credit Corp's subsequent answers to the allegations in the Complaint are made on behalf of Credit Corp, Inc. alone.

2

## JURISDICTION AND VENUE

6.      As to Paragraph 6, Credit Corp admits that Plaintiff is attempting to assert claims under the FCRA and admits that jurisdiction in this Court is proper. Credit Corp denies that it committed any violation of any statute.

7.      As to Paragraph 7, Credit Corp admits that venue is proper in this District.

## PARTIES

8.      As to Paragraph 8, Credit Corp admits that Plaintiff is a natural person. Credit Corp lacks knowledge or information to form a belief about the truth of the remaining matters asserted and therefore denies the allegations therein.

9.      As to Paragraph 9, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

10.     As to Paragraph 10, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

11.     As to Paragraph 11, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

12.     As to Paragraph 12, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

13.     As to Paragraph 13, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

14.     As to Paragraph 14, Credit Corp admits that it is registered to do business in Louisiana with a registered agent in Baton Rouge, Louisiana. Credit Corp admits only that its business includes furnishing accurate information to one or more consumer reporting agencies.

4902-6595-5003 v1

## FACTUAL ALLEGATIONS

15.    As to Paragraph 15, Credit Corp restates and realleges its responses to the preceding Paragraphs as if fully set forth herein.

16.    As to Paragraph 16, Credit Corp denies the allegations therein.

17.    As to Paragraph 17, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

18.    As to Paragraph 18, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

19.    As to Paragraph 19, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

20.    As to Paragraph 20, subpart (c), Credit Corp denies that "Account #534348" was the result of identity theft and was opened without Plaintiff's knowledge. As to the remaining allegations, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

21.    As to Paragraph 21, Credit Corp admits that Plaintiff lives in Louisiana. Credit Corp lacks knowledge or information to form a belief about the truth of the remaining matters asserted and therefore denies the allegations therein.

22.    As to Paragraph 22, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

23.    As to Paragraph 23, Credit Corp admits.

24.    As to Paragraph 24, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

4

25.     As to Paragraph 25, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

26.     As to Paragraph 26, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

27.     As to Paragraph 27, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

28.     As to Paragraph 28, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

29.     As to Paragraph 29, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

30.     As to Paragraph 30, and the subparts therein, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein. To the extent Paragraph 30 infers the existence of facts supporting a claim for relief against Credit Corp, they are denied.

31.     As to Paragraph 31, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

32.     As to Paragraph 32, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

33.     As to Paragraph 33, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

34.     As to Paragraph 34, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

4902-6595-5003 v1

35.     As to Paragraph 35, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein. To the extent Paragraph 35 of the Complaint infers the existence of facts supporting a claim for relief against Credit Corp, they are denied.

36.     As to Paragraph 36, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

37.     As to Paragraph 37, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

38.     As to Paragraph 38, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein. To the extent Paragraph 38 infers the existence of facts supporting a claim for relief against Credit Corp, they are denied.

39.     As to Paragraph 39, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

40.     As to Paragraph 40, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

41.     As to Paragraph 41, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

42.     As to Paragraph 42, Credit Corp denies the allegations therein.

## PLAINTIFF'S DAMAGES

43.     As to Paragraph 43, Credit Corp denies the allegations therein.

4902-6595-5003 v1

44.    As to Paragraph 44, the allegation states conclusions of law to which no response is required. To the extent a response is required, Credit Corp denies that it violated any law or that Plaintiff suffered any harm or damages.

45.    As to Paragraph 45, and the subparts therein, Credit Corp denies the allegations therein.

46.    As to Paragraph 46, and the subparts therein, Credit Corp denies the allegations therein.

47.    As to Paragraph 47, Credit Corp denies the allegations therein.

48.    As to Paragraph 48, Credit Corp denies the allegations therein.

## CAUSES OF ACTION

49.    As to Paragraph 49, Credit Corp restates and realleges its responses to the preceding Paragraphs as if fully set forth herein.

50.    As to Paragraph 50, Credit Corp admits that Plaintiff attempts to bring claims for alleged violations of the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA"). Credit Corp denies any violation of any statute and denies that Plaintiff suffered any damages.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

51.    As to Paragraph 51, Credit Corp restates and realleges its responses to the preceding Paragraphs as if fully set forth herein.

52.    As to Paragraph 52, which refers to the contents of a statute, Credit Corp denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with the contents of the statute.

4902-6595-5003 v1

53.     As to Paragraph 53, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

54.     As to Paragraph 54, which refers to the contents of a statute, Credit Corp denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with the contents of the statute.

55.     As to Paragraph 55, which refers to the contents of a regulation, Credit Corp denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with the contents of the regulation.

56.     As to Paragraph 56, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp admits that its business includes furnishing accurate information to one or more consumer reporting agencies.

57.     As to Paragraph 57, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp denies the allegations therein.

58.     As to Paragraph 58, Credit Corp denies the allegations therein.

59.     As to Paragraph 59, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

60.     As to Paragraph 60, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

61.     As to Paragraph 61, Credit Corp admits that Plaintiff attempts to bring claims for alleged violations of the FCRA. Credit Corp denies any violation of any statute and denies that Plaintiff suffered any damages.

4902-6595-5003 v1

## <u>COUNT I:</u>
## 15 U.S.C. § 1681e(b)
## Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy
## (Experian, Equifax, and Trans Union)

62.    As to Paragraph 62, Credit Corp restates and realleges its responses to the preceding Paragraphs as if fully set forth herein.

63.    As to Paragraph 63, which refers to the contents of a statute, Credit Corp denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with the contents of the statute.

64.    As to Paragraph 64, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

65.    As to Paragraph 65, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

66.    As to Paragraph 66, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

67.    As to Paragraph 67, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

68.    As to Paragraph 68, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

69.    As to Paragraph 69, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

70.    As to Paragraph 70, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

4902-6595-5003 v1

**COUNT II:**
**15 U.S.C. § 1681i(a)(1)(A)**
**Failure to Conduct a Reasonable Investigation into Plaintiff's Dispute**
**(Defendants Experian, Equifax, and Trans Union)**

71.     As to Paragraph 71, Credit Corp restates and realleges its responses to the preceding Paragraphs as if fully set forth herein.

72.     As to Paragraph 72, which refers to the contents of a statute, Credit Corp denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with the contents of the statute.

73.     As to Paragraph 73, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

74.     As to Paragraph 74, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

75.     As to Paragraph 75, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

76.     As to Paragraph 76, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

77.     As to Paragraph 77, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

78.     As to Paragraph 78, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

79.     As to Paragraph 79, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

10

## COUNT III:

### 15 U.S.C. § 1681i(a)(4)
### Failure to Read and Consider Documents Attached to Plaintiff's Dispute
### (Defendants Experian, Equifax, and Trans Union)

80.     As to Paragraph 80, Credit Corp restates and realleges its responses to the preceding Paragraphs as if fully set forth herein.

81.     As to Paragraph 81, which refers to the contents of a statute, Credit Corp denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with the contents of the statute.

82.     As to Paragraph 82, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

83.     As to Paragraph 83, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

84.     As to Paragraph 84, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

85.     As to Paragraph 85, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

86.     As to Paragraph 86, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

87.     As to Paragraph 87, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

4902-6595-5003 v1

## COUNT IV:

### 15 U.S.C. § 1681i(a)(5)(A)
### Failure to Delete and/or Modify the Disputed Information
### (Defendants Experian, Equifax, and Trans Union)

88.     As to Paragraph 88, Credit Corp restates and realleges its responses to the preceding Paragraphs as if fully set forth herein.

89.     As to Paragraph 89, which refers to the contents of a statute, Credit Corp denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with the contents of the statute.

90.     As to Paragraph 90, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

91.     As to Paragraph 91, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

92.     As to Paragraph 92, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

93.     As to Paragraph 93, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

94.     As to Paragraph 94, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

95.     As to Paragraph 95, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

96.     As to Paragraph 96, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

12

## COUNT V:

### 15 U.S.C. § 1681c-2(a)
### Failure to Block the Reporting of Identity Theft Information within Four (4) Business Days
### (Defendants Experian, Equifax, and Trans Union)

97. As to Paragraph 97, Credit Corp restates and realleges its responses to the preceding Paragraphs as if fully set forth herein.

98. As to Paragraph 98, which refers to the contents of a statute, Credit Corp denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with the contents of the statute.

99. As to Paragraph 99, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

100. As to Paragraph 100, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

101. As to Paragraph 101, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

102. As to Paragraph 102, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

103. As to Paragraph 103, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

104. As to Paragraph 104, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

4902-6595-5003 v1

## COUNT VI:

### 15 U.S.C. § 1681s-2(b)
### Failure to Conduct a Reasonable Investigation of the Information Disputed by Plaintiff
### (Defendants Midland Credit Management, National Credit Adjusters and Credit Corp Solutions)

105.    As to Paragraph 105, Credit Corp restates and realleges its responses to the preceding Paragraphs as if fully set forth herein.

106.    As to Paragraph 106, which refers to the contents of a statute, Credit Corp denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with the contents of the statute.

107.    As to Paragraph 107, Credit Corp denies the allegations about its conduct.

108.    As to Paragraph 108, Credit Corp denies the allegations about its conduct.

109.    As to Paragraph 109, Credit Corp admits that it received notice of Plaintiff's dispute. As to the remaining allegations, Credit Corp denies.

110.    As to Paragraph 110, Credit Corp denies it failed to conduct a reasonable investigation.

111.    As to Paragraph 111, Credit Corp denies the allegations therein.

112.    As to Paragraph 112, Credit Corp denies that it failed to conduct a reasonable investigation or otherwise comply with the law.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

113.    As to Paragraph 113, Credit Corp restates and realleges its responses to the preceding Paragraphs as if fully set forth herein.

114.    As to Paragraph 114, which refers to the contents of a statute, Credit Corp denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with the contents of the statute.

14

4902-6595-5003 v1

115. As to Paragraph 115, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

116. As to Paragraph 116, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

117. As to Paragraph 117, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp admits that, under some circumstances, it may be considered a debt collector.

118. As to Paragraph 118, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp denies that it violated any law or that Plaintiff suffered any harm or damages.

119. As to Paragraph 119, Credit Corp denies the allegations therein.

120. As to Paragraph 120, Credit Corp denies the allegations regarding its conduct and Plaintiff's alleged damages.

121. As to Paragraph 121, Credit Corp denies the allegations regarding its conduct and Plaintiff's alleged damages.

**COUNT VII:**
**15 U.S.C. § 1692e(2)(A)**
**False Representation of the Character, Amount, or Legal Status of the Alleged Debt**
**(Defendants Midland Credit Management, National Credit Adjusters and Credit Corp Solutions)**

122. As to Paragraph 122, Credit Corp restates and realleges its responses to the preceding Paragraphs as if fully set forth herein.

4902-6595-5003 v1

123.    As to Paragraph 123, which refers to the contents of a statute, Credit Corp denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with the contents of the statute.

124.    As to Paragraph 124, which refers to the contents of a statute, Credit Corp denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with the contents of the statute.

125.    As to Paragraph 125, Credit Corp admits only that it attempted the lawful collection of debt owed by Plaintiff.

126.    As to Paragraph 126, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp denies the allegation in Paragraph 126 and refers all issues of law and fact to the Court.

127.    As to Paragraph 127, subpart (a), Credit Corp admits that it reported to one or more credit reporting agencies that Plaintiff owed a debt on "Account #534348." As to the remaining allegations, Credit Corp lacks knowledge or information to form a belief about the truth of the matters asserted and therefore denies the allegations therein.

128.    As to Paragraph 128, Credit Corp denies the allegations therein.

129.    As to Paragraph 129, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp denies the allegation in Paragraph 129 and refers all issues of law and fact to the Court.

130.    As to Paragraph 130, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp denies the allegation and refers all issues of law and fact to the Court. Credit Corp further denies that it committed any violation of any statute.

16

131.    As to Paragraph 131, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp denies the allegations in Paragraph 131.

132.    As to Paragraph 132, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp denies the allegations in Paragraph 132 and refers all issues of law and fact to the Court. Credit Corp further denies that it committed any violation of any statute.

133.    As to Paragraph 133, Credit Corp denies the allegations contained therein. All information furnished by Credit Corp, if any, was accurate, complete, and substantiated, and Credit Corp's representations regarding the alleged debt were truthful.

## COUNT VIII:

### 15 U.S.C. § 1692e(8)
### Communicating Credit Information that is Known or Should be Known to be False
### (Defendants Midland Credit Management, National Credit Adjusters and Credit Corp Solutions)

134.    As to Paragraph 134, Credit Corp restates and realleges its responses to the preceding Paragraphs as if fully set forth herein.

135.    As to Paragraph 135, which refers to the contents of a statute, Credit Corp denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with the contents of the statute.

136.    As to Paragraph 136, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp denies the allegation in Paragraph 136 and refers all issues of law and fact to the Court.

4902-6595-5003 v1

137. As to Paragraph 137, Credit Corp denies the allegations therein. All information furnished by Credit Corp, if any, was accurate, complete, and substantiated, and Credit Corp's representations regarding the alleged debt were truthful.

138. As to Paragraph 138, Credit Corp admits only that it received Plaintiff's disputes. As to the remaining allegations, Credit Corp denies.

139. As to Paragraph 139, Credit Corp admits that it received Plaintiff's first dispute.

140. As to Paragraph 140, Credit Corp admits that it received Plaintiff's second dispute.

141. As to Paragraph 141, Credit Corp admits that it received Plaintiff's disputes. All information furnished by Credit Corp, if any, was accurate, complete, and substantiated, and Credit Corp's representations regarding the alleged debt were truthful.

142. As to Paragraph 142, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp denies the allegations in Paragraph 142.

143. As to Paragraph 143, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp denies the allegations in Paragraph 143.

144. As to Paragraph 144, which is vague and ambiguous as to "LVNV would never have reported the fraudulent and inaccurate accounts to the CRAS," Credit Corp denies all allegations contained therein. All information furnished by Credit Corp, if any, was accurate, complete, and substantiated, and Credit Corp's representations regarding the alleged debt were truthful.

4902-6595-5003 v1

## COUNT IX:

### 15 U.S.C. § 1692f
### Unfair or Unconscionable Means to Collect a Debt
### (Defendants Midland Credit Management, National Credit Adjusters and Credit Corp Solutions)

145.     As to Paragraph 145, Credit Corp restates and realleges its responses to the preceding Paragraphs as if fully set forth herein.

146.     As to Paragraph 146, which refers to the contents of a statute, Credit Corp denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with the contents of the statute.

147.     As to Paragraph 147, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp denies the allegation in Paragraph 147 and refers all issues of law and fact to the Court.

148.     As to Paragraph 148, Credit Corp admits only that it attempted the lawful collection of debt owed by Plaintiff. As to the remaining allegations, Credit Corp denies.

149.     As to Paragraph 149, Credit Corp admits only that it received Plaintiff's disputes. As to the remaining allegations, Credit Corp denies.

150.     As to Paragraph 150, Credit Corp admits that it received Plaintiff's first dispute.

151.     As to Paragraph 151, Credit Corp admits that it received Plaintiff's second dispute.

152.     As to Paragraph 152, Credit Corp admits that it received Plaintiff's disputes. All information furnished by Credit Corp, if any, was accurate, complete, and substantiated, and Credit Corp's representations regarding the alleged debt were truthful.

153.     As to Paragraph 153, Credit Corp admits that it received Plaintiff's disputes.

154.     As to Paragraph 154, Credit Corp denies and puts Plaintiff to the strictest proof.

4902-6595-5003 v1

155.    As to Paragraph 155, the allegation states a conclusion of law to which no response is required. To the extent a response is required, Credit Corp denies and puts Plaintiff to the strictest proof. Credit Corp further denies that it committed any violation of any statute.

156.    As to Paragraph 156, which is vague and ambiguous as to "LVNV would never have engaged in debt collection activities, including credit reporting, related to the alleged debts," Credit Corp denies the allegations therein.

<u>**AFFIRMATIVE DEFENSES**</u>

1.    Plaintiff fails to state a claim against Credit Corp upon which relief can be granted.

2.    Plaintiff has not suffered an invasion of a legally protected interest or an injury that is concrete and particularized, and actual or imminent, as opposed to conjectural or hypothetical and thus lacks standing to assert any claim.

3.    Credit Corp denies that any injury or damage allegedly sustained by Plaintiff resulted from any action or inaction of Credit Corp.

4.    Plaintiff's claims are, or may be, barred or diminished by Credit Corp's right to setoff and/or recoupment, arising from defaults, deficiencies, or otherwise.

5.    Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his damages, if any.

6.    Plaintiff's claims fail to the extent that his purported damages, if any, were the direct and proximate result of the action or inaction of Plaintiff or others over whom Credit Corp has no control and for whom Credit Corp has no responsibility.

7.    Credit Corp complied with all applicable statutes regarding the debt at issue in this litigation.

20

8.      Any action or omission by Credit Corp, if determined to be in violation of any statute, was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Credit Corp would have no liability.

9.      Credit Corp reserves the right to assert additional affirmative defenses as investigation and discovery continue.

## PRAYER FOR RELIEF

**WHEREFORE,** Credit Corp respectfully requests that this Court enter an Order:

1.  Dismissing Plaintiff's claims against Credit Corp with prejudice;

2.  Denying all relief requested by Plaintiff;

3.  Awarding Credit Corp its fees, costs, and disbursements as permitted by law; and

4.  Granting Credit Corp all such other and further relief as this Court may deem just and appropriate.

4902-6595-5003 v1

Dated: July 8, 2026                                Respectfully submitted:


                                                   /s/ *Patrick M. Betts*
                                                   James R. Chastain, Jr. (#19518)
                                                   Patrick Betts (#40701)
                                                   Elizabeth Bueche (#41684)
                                                   **KEAN MILLER LLP**
                                                   400 Convention Street, Suite 700
                                                   PO Box 3513 (70821-3513)
                                                   Baton Rouge, LA  70802
                                                   (225) 387-0999

                                                   sonny.chastain@keanmiller.com
                                                   patrick.betts@keanmiller.com
                                                   elizabeth.bueche@keanmiller.com

                                                   ***Attorneys for Credit Corp Solutions, Inc.***



## CERTIFICATE OF SERVICE


I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 8th day of July, 2026. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.


                                                   /s/ *Patrick M. Betts*
                                                   Patrick M. Betts

4902-6595-5003 v1